Nash, J.
 

 There is in this State no Statutory provision' on the subject of awards. It has been the practice, hi) wever, to enter up judgments upon, them in those cases where, by the common law, an attachment would have been granted for a disobedience of a rule of Court, that is, where the rule has been made by the Court, in a- cause pending therein. The writ in this case was returned and'the rule-regularly made. The first enquiry is, what was submitted to the arbitrators. The action was for trespass to land alleged to be in the possession of the plaintiff, and for which he claimed damages of the defendant. The order is “ that it be referred to K. M. G. Moore and Samuel Topping &c., and their award to be a rule of Court.” The arbitrators are judges selected by. the pa ties and act in the place of Judge and¡ jury, and if is their duty to make such a return as will enable the Court to enter up a judgment between the parties. To have this effect it must be certain: forthe very end and object of the parties is .to put an end to the litigation: for if uncertain, it would be-a fresh source of litigation, and this uncertainty must appear upon the face of the award, for
 
 the
 
 Court will not intend it. It must also be final, that is, be a
 
 *391
 
 final disposition of all the matters in dispute, and which are within the submission. In both these particulars the award is defective. It is not final, ior it does not put an end to the suit. It awards nothing to be done by either of the parties : awards no damages to the plaintiff for the trespass: nor does it find that any trespass was or was not in fact committed by the defendant on any land of the plaintiff. Nor,, for the above reasons, is it certain to a common intent. No judgment can therefore be pronounced upon it by the Court.
 

 His Honor committed no error in refusing to give judgment upon the award. But he erred in setting it aside. That portion of the record in which the referees are required to run and mark the dividing line between the parties is no part of the rule in reference to the suit than pending : and although they have caused such line to be run, and had it marked, the Court can pronounce no judgment. A Court, of law awards damages for the breach of a contract: it cannot cause it to be specially performed. That portion of the record shows an agreement between the parties, that such a line should be run by the arbitrators and marked; and upon its being done, they would execute releases. Being an agreement each party has an interest in it: and through the medium ofa Court of Equity can enforce a performance of it, or the one, refusing compliance, can, in a proper action at law, be made to compensate the other in damages. An award may be good in part and bad in part.
 

 The judgment of the Court setting aside the award is reversed and the cause remanded, with^ygctions to proceed with the trial of the suit.
 

 Pee Curiam.